UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON GOODE, #228240 | : | CIV. NO.  3:17CV01188 (AVC) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL CHAMPION, ET AL. | : | |
|   *Defendants* | : | MAY 29, 2018 |

**ANSWER, DEFENSES AND JURY DEMAND**

In response to the Initial Review Order (IRO) filed August 14, 2017, (ECF No. 6), and this Court's scheduling order dated May 1, 2018 (ECF No. 24) the Defendants, pursuant to Rule 8 Fed. R Civ. P, hereby answer as follows:

1.   **Introduction** -  Paragraph 1 is denied, except it is admitted that plaintiff, Jason Goode, #228240,  is a state prisoner, serving a lawful 35 year sentence for murder, and is presently lawfully held, confined, and incarcerated at Northern CI, in Somers, CT.[1]

2.   **Jurisdiction** - As to ¶2, jurisdiction is denied, for the reason that there is no colorable violation of plaintiff's federally protected rights. There is no cause of action under the state constitution, so state law claims are denied, and were dismissed per the IRO, ECF No. 6. . To the extent this is legal argument, defendants leave plaintiff to his proof.

3.   **Parties** - As to ¶3, it is admitted that the plaintiff, Jason Goode, #228240,  is a state prisoner, serving a lawful 35 year sentence for murder, and is presently lawfully held, confined, and incarcerated at Northern CI, in Somers, CT. It is admitted that plaintiff had previously been incarcerated at Corrigan-Radgowski Correctional Center (CRCC) in

---

[1] http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=228240.

Uncasville, CT, but the rest and remainder of said paragraph is denied. It is denied there were any violations of any of plaintiff's rights.

4. Paragraph 4 is denied, except that it is admitted that Angel Champion is a correctional lieutenant employed by the Connecticut Department of Correction (DOC). It is admitted that on July 30, 2014, she was assigned to CRCC, and that at all times she acted lawfully, within the scope of her duties, and without knowledge she was in violation of any of plaintiff's clearly established rights.

5. As to ¶5, no response is required as Stadalink was dismissed per the IRO, ECF No. 6.

6. Paragraph 6 is denied, except it is admitted that Richard Waldron was a correctional lieutenant employed by the Connecticut Department of Correction (DOC). It is denied that Waldron had any personal involvement in this matter. To the extent he was working at CRCC, at all times he acted lawfully, within the scope of his duties, and without knowledge he was in violation of any of plaintiff's clearly established rights.

7. Paragraph 7 is denied, except it is admitted that Brian Palmer is a correctional lieutenant employed by the Connecticut Department of Correction (DOC). It is denied that Palmer had the requisite personal involvement in this matter. To the extent he was working at CRCC, at all times he acted lawfully, within the scope of his duties, and without knowledge he was in violation of any of plaintiff's clearly established rights.

8. As to ¶8, no response is required as Griffin was dismissed per the IRO, ECF No. 6.

9. As to ¶9, no response is required as Scarchilli was dismissed per the IRO, ECF No. 6.

10. As to ¶10, no response is required as Norfleet was dismissed per the IRO, ECF No. 6.

11. As to ¶11, no response is required as Colvin was dismissed per the IRO, ECF No. 6.

12. Paragraph 12 is denied, except it is admitted that Scott Erfe is a correctional warden employed by the Connecticut Department of Correction (DOC), presently Warden of Cheshire CI. It is denied that Erfe had the requisite personal involvement in this matter. To the extent he was working at CRCC, at all times he acted lawfully, within the scope of his duties, and without knowledge he was in violation of any of plaintiff's clearly established rights.

13. As to ¶13, no response is required as McDonald was dismissed per the IRO, ECF No. 6.

14. As to ¶ 14, it is admitted that on July 31, 2014, B. Simmons was an RN working at CRCC. She lacks the requisite personal involvement in this matter. At all times she acted lawfully, within the scope of her duties, and without knowledge she was in violation of any of plaintiff's clearly established rights.

15. As to ¶ 15, it is admitted that on August 3, 2014, Beth Shaw was an RN working at CRCC. She lacks the requisite personal involvement in this matter. At all times she acted lawfully, within the scope of her duties, and without knowledge she was in violation of any of plaintiff's clearly established rights.

**Statement of Facts**

16. As to ¶ 16, it is admitted that due to plaintiff's Assault on a staff member on July 30, 2014, he had been placed on in-cell restraints due to his non-compliant behavior, and further due to plaintiff's refusal to follow lawful direct orders to be strip searched he was

3

placed on full restraint status, after he was observed sitting on the floor of his cell banging his restraints on the metal bunk in an effort to break the restraints. Any and all wrongdoing is denied.

17. It is admitted that at 11:05 PM defendant Champion supervised staff who conducted a range of motion check on plaintiff's restraints and moved his arms and observed him to be in good health, without any medical issues but still needing to be kept in restraints due to his non-complaint behavior. Any and all wrongdoing is denied.

18. As to paragraph 18, it is admitted that plaintiff was frequently checked for range of motion and other medical issues while on restraint status on July 31, 2014, but it is denied that plaintiff was "calm and compliant." To the contrary, plaintiff continued to refuse lawful direction and refused to allow a strip search. Any and all wrongdoing is denied.

19. As to ¶19, McDonald is no longer a defendant and thus this paragraph needs no response. To the extent a response is required, plaintiff was frequently checked by staff, including medical staff, and at no relevant time was plaintiff "cool, calm and self-collective" as alleged. To the contrary, plaintiff continued to refuse lawful direction and refused to allow a strip search. Any and all wrongdoing is denied.

20. As to ¶20, Griffin is no longer a defendant and thus this paragraph needs no response. To the extent a response is required, it is denied.

21. As to ¶21, Colvin is no longer a defendant and thus this paragraph needs no response. To the extent a response is required, it is denied.

22. As to ¶22, Colvin is no longer a defendant and thus this paragraph needs no response. To the extent a response is required, it is denied, except for that portion which plaintiff admits he refused lawful direction to comply with a strip search.

23. As to ¶23, Scarchilli is no longer a defendant and thus, this paragraph needs no response. To the extent a response is required, it is denied except for that portion which plaintiff admits he refused lawful direction to comply with a strip search.

24. Paragraph 24 is denied, except for that portion which plaintiff admits he refused lawful direction to comply with a strip search.

25. Paragraph 25 is denied, except for that portion which plaintiff admits he refused lawful direction to comply with a strip search.

26. As to paragraph 26, it is admitted that B. Simmons conducted a restraint check on July 31, 2014, and noted on her report that plaintiff's hands were swollen and that he continued to clench his hands into fists despite being told not to do so, and was advised against it. To the extent plaintiff had any injuries they were self-inflicted as the medical incident report clearly documents that the nurse, B. Simmons, was able to fit two fingers between cuff and wrist, that plaintiff had positive circulation, positive motion, and positive sensation bilaterally with no break in skin integrity.

27. As to ¶27, Norfleet is no longer a defendant and thus, this paragraph needs no response. To the extent a response is required, it is denied except for that portion which plaintiff admits he refused lawful direction to comply with a strip search.

28. As to paragraph 28, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof. Any and all allegations of wrongdoing are denied.

29. As to paragraph 29, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof. Any and all allegations of wrongdoing are denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraphs 32, 33, 34, and 35 are denied.

33. As to paragraph 36, this Court's IRO, ECF No. 6, dismissed the stat law claims, and thus no response is required. To the extent a response is required, it is denied.

34. As to ¶37, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof.

35. As to ¶38, defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof.

36. Any and all prayers for relief are denied.

37. Any and all allegations of wrongdoing as to the entire Complaint are denied.

### FIRST AFFIRMATIVE DEFENSE

At all times relevant to the complaint all the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Any injury, if any, is due solely to plaintiff's own conduct, his own negligent and/or intentional acts or omissions, and is not caused by any conduct of the defendants.

### FOURTH AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to properly exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred for failure to fully and properly exhaust.

### **FIFTH AFFIRMATIVE DEFENSE**

Although plaintiff arguably has alleged unspecified state law claims and asserted supplemental jurisdiction, to the extent the IRO, ECF No. 6, has not fully dismissed any state law claims, and plaintiff has stated any viable state law claims, this Court should decline to exercise supplemental jurisdiction over any such state law claims.

### **DEFENDANTS' JURY DEMAND**

Pursuant to Rule 38 (a) and Rule 38 (b) Fed. R. Civ. P., the defendants respectfully demand a trial by jury on any and all issues which are triable of right by a jury.

DEFENDANTS
Angel Champion, Et Al.

GEORGE JEPSEN
ATTORNEY GENERAL

BY: */s/ Steven R. Strom*
Steven R. Strom
Assistant Attorney General
Federal Bar No. ct01211
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
Email: steven.strom@ct.gov

**CERTIFICATION**

I hereby certify that on May 29, 2018, a copy of the foregoing Answer, Defenses and Jury Demand was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy was also mailed via U.S. Mail to the following pro se prisoner plaintiff who is unable to receive electronic filings.

    Jason Goode, Inmate #228240
    Northern Correctional Institution
    287 Bilton Road
    P.O. Box 665
    Somers, CT  06071

                                              /s/ Steven R. Strom
                                              Steven R. Strom
                                              Assistant Attorney General