UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON GOODE, #228240 | : | CIVIL NO. 3:17-CV-01188 (AVC) |
| | : | |
| v. | : | |
| | : | |
| LT. CHAMPION, ET AL. | : | JUNE 28, 2018 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

Pursuant to THE Order of this Court (ECF Doc. #28) the defendants respectfully Clai mthat plaintiff's motion to compel should be denied for several reasons, most importantly, because it is moot. The defendants have responded to plaintiff's request for Admissions, plaintiff has the Incident report which was generated following the plaintiff's two disciplinary reports on July 30, 2014, one for Assault, and one for Interfering with Safety and Security. Undersigned counsel has not met nor conferred with the plaintiff and plaintiff's motion to compel utterly fails to comply with Local Rule 37. Local Rule 37 requires, in part,

> (a) No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

Plaintiff has not met or conferred, in person or by telephone, with the undersigned, prior to filing his motions. Further, Lt. Champion and the other defendants no longer work at Corrigan Radgowski CI, and if the video exists, it would be located at Corrigan, where the incident allegedly occurred.

1

Thus, as to the first request for production – the video from Corrigan CI from August 3, 2014, is not in the possession or control of the defendants.

As to the second request for production, (ECF Doc. No 21-2), email from Corrigan CI, for Warden Erfe--- it is not in the possession or control of Warden Erfe. Warden Erfe is presently the Warden at Cheshire CI and has no ability to search or retrieve an email from August, 2014.

As to the plaintiff's request for a video from the date of July 30, 2018, there is no such video. The incident and the plaintiff's non-compliant behavior which caused the use of force and use of restraints arose at Corrigan CI on July 30, 2014, not July 30, 2018. Thus, there is no video for July 30, 2018. In fact, July 30, 2018, has not yet even arrived on the calendar and is thirty days into the future.

As to Requests for Admission, as to request #1, it is admitted that plaintiff did not receive disciplinary reports from July 31, 2014, to August 3, 2014. Plaintiff received two disciplinary reports on July 30, 2014, one for Assault, and one for Interfering with Safety and Security.

As to Request #2, it is denied that plaintiff requested any bathroom breaks or was denied bathroom breaks during the time prior to 8:15 pm on July 30, 2014, and that the Unit Officer, not the defendant, Lt. Champion, would be the person who would be made aware of a bathroom break. Further, if plaintiff was on in-cell restraint status, he would be able to use the bathroom himself, without the need for bathroom breaks.

As to Request #3, it is denied that plaintiff "relieved his bodily waste on himself" when Lt. Champion arrived in the RHU at approximately 8:15 pm on July 31, 2014.

As to request #4, it is denied that Lt. Champion's page 3 of the incident report stated that plaintiff was compliant at all times. Although he was compliant to a point, and

2

verbalized he would be compliant, he then quickly became non-complaint with the strip search, verbally abusive and assaultive, and had to be restrained with the assistance of staff after Goode had pushed off the wall so violently that he knocked officers to the ground who had been attempting to stabilize the plaintiff and maintain control. Thus, plaintiff's request for admission is denied for the reason that the incident report speaks for itself and the one single word plaintiff points to is taken out of context, and is therefore misleading and is denied.

Responses to plaintiff's Request for Admission were mailed to plaintiff on this date, June 298, 2018.  A DVD copy of the video dated August 3, 2014, of plaintiff being removed off in-cell restraint status is being provided to the Warden at Northern CI so that arrangements can be made for plaintiff to view the requested video.

## DISCUSSION

### I.      The motion to compel should be denied as moot

In a federal civil proceeding, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id. See also Sedona Corp. v. Open Solutions, Inc.,* 249 F.R.D. 19, 21 (D.Conn.2008); *Allied–Signal, Inc. v. Allegheny Ludlum Corp.,* 132 F.R.D. 134, 136 (D.Conn.1990). Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1988), such that a trial becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Proctor &*

*Gamble Co.,* 356 U.S. 677, 682 (1958). *Young v. McGill,* No. 3:09-CV-1186 CSH, 2013 WL 5962090, at *2 (D. Conn. Nov. 6, 2013).

Here, defendant Champion has responded to her requests for admission and plaintiff is going to be given an opportunity to view the relevant video he requested, dated August 3, 2014. Thus, his motion to compel is moot and should be denied. Thus, here, events have occurred, responses provided while the motion to compel is pending that make it impossible for the court to grant any effectual relief whatever to plaintiff, and thus, the motion to compel must be denied as moot. *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992); *First Unum Life Ins. Co. v. Wulah*, 506 F. App'x 1 (2d Cir. 2012); *Conley v. Brysgel*, No. 3:17-CV-322 (VAB), 2018 WL 1960109, at *3 (D. Conn. Apr. 25, 2018)( second motion to compel denied as moot).

        DEFENDANTS
        Lt. Champion, Et Al.

        GEORGE JEPSEN
        ATTORNEY GENERAL

BY: */s/ Steven R. Strom*
        Steven R. Strom
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Tel.: (860) 808-5450
        Fax: (860) 808-5591
        Federal Bar #ct01211
        E-Mail: steven.strom@ct.gov

## **CERTIFICATION**

I hereby certify that on June 28, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed to:

Jason Goode, #228240
Northern CI
PO Box 665
Somers, CT 06071

                                                BY: /s/ *Steven R. Strom*
                                                     Steven R. Strom
                                                     Assistant Attorney General