UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JASON GOODE, | : | |
|   plaintiff, | : | CASE NO. 3:17-cv-1188(AVC) |
| | : | |
|   v. | : | |
| | : | |
| ANGEL CHAMPION, ET AL., | : | |
|   defendants. | : | |
| | : | JULY 13, 2018 |
| | : | |

### RULINGS ON DISCOVERY MOTIONS AND MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL [Doc.#s 21, 22, 29, 30]

On July 17, 2017, the plaintiff, Jason Goode, an inmate currently confined at Northern Correctional Institution in Somers, Connecticut, filed a civil complaint under 42 U.S.C. § 1983, against several employees of the Connecticut Department of Correction in their individual and official capacities for violating his constitutional rights. On August 14, 2017, this court issued its Initial Review Order permitting Goode's Eighth Amendment claims for excessive force and deliberate indifference to medical needs to proceed against some of the defendants. Initial Review Order The defendants answered the complaint on May 29, 2018.

Pending before this court are Goode's motions to compel discovery [Doc.#s 21, 29], his motion for sanctions against the defendants for their failure to respond to his discovery requests [Doc.# 22], and his motion for appointment of counsel

[Doc.# 30]. On June 28, 2018, the defendants filed a written opposition to Goode's discovery motions [Doc.# 31]. For the following reasons, Goode's motions are denied.

## I. Discovery Motions

In his initial motion to compel, Goode seeks the following discovery from the defendants:

1. A video recording of Goodes' removal from in-cell restraint status on August 3, 2014.

2. A photocopy of an e-mail sent from defendant Brian Palmer to defendant Scott Erfe on August 2, 2014.

3. A "copy of written or electronically stored information from duty officer to Scott Erfe on [August 3, 2014] at approximately 10:00p.m. regarding [Goode] being removed from in-cell restraints."

He argues that the video is necessary "to ascertain [the] presence of [the] defendants and subject-matter," and the other two requests are "required to ascertain [the] nature of e-mail content as it relates to [the] defendants." Id. at 3.

In his second motion to compel Goode requests:

1. "[E]lectronically stored information or tangible things dated [April 23, 2018]."

2. A video recording of Goode in a restrictive housing unit ("RHU") on July 30, 2016 from 4:00p.m. to 8:15p.m.

3. Responses to Goode's requested admissions addressed to defendant Angel Champion on April

2

23, 2018.

In support of both motions, Goode argues that he has sent written letters/requests to defense counsel but has not received any responses. He also moves for monetary and equitable sanctions based on the defendants' failure to respond to the discovery requests.

The defendants claim that the motions to compel should be denied because Goode failed to confer with defense counsel in person or via telephone in accordance with District of Connecticut Local Rule 37(a). They also oppose the specific discovery requests as follows.

1. Video recording from August 3, 2014 – The defendants argue that that video is no longer in their possession or control. However, a copy of the video is currently being provided to the warden at Northern Correctional Institution, where Goode is confined, so that arrangements could be made for him to view the video.

2. E-mail from Palmer to Erfe – The defendants argue that that e-mail is no longer in their possession or control, and they have no ability to search for an e-mail from August 2014.

3. Video recording from July 30, 2016 – The defendants interpreted Goode's request to be of a video from "July 30, 2018" and argue that no such video exists.

4. Request for admissions – The defendants have mailed their responses to Goode's requested admissions and have restated their responses in their opposition.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The court must impose limits on discovery requests that are overly broad or which would result in an undue burden or expense.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); Tucker v. American Intern. Group, Inc., 281 F.R.D. 85, 99 (D. Conn. 2012).

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery and may request sanctions for the failure to produce the requested discovery. "The party requesting sanctions under Rule 37 bears the burden of showing that the opposing party failed to timely disclose information required by Rule 26." Vineyard Vines, LLC v. Macbeth Collection, LLC, No. 3:14-cv-1096 (JCH), 2015 WL 2179775, *1 (D. Conn. May 8, 2015).

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a).  Pursuant to Local Rule 37(a), the movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at a "mutually satisfactory resolution."  In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issues with opposing counsel.  Id.

Local Rule 37(b) also requires that memoranda be filed by both sides before any discovery motion is heard by the court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  D. Conn. L. Civ. R. 37(b)(1).  The movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute.  Id.

In this case, the defendants are correct that Goode has not fully complied with Local Rule 37.  He has not indicated whether

5

he has made any efforts to meet or speak with defense counsel to resolve these discovery issues.  Nevertheless, his requests for compelled discovery and sanctions are unsupported.

With respect to the August 3, 2014 video of Goode's removal from in-cell restraints, the defendants have indicated that Department of Correction officials are in the process of arranging a viewing for Goode.  Thus, Goode's request to compel production of the video is denied without prejudice at this time.  The defendants are ordered to file a status update thirty (30) days from the date of this order with regard to whether arrangements have been made for Goode to view the August 3, 2014 video.

The court does not agree that the defendants should be compelled to produce a copy of the e-mail from August 2014.  Even if they could produce said e-mail, Goode has not sufficiently explained the relevance of such discovery via written memorandum or otherwise.  The same is true for the "electronically stored information" from April 23, 2018 and the July 2016 video recording of Goode in the RHU.  The court cannot discern from Goode's motions why any of these discovery items are relevant to his Eighth Amendment claims.  As for the requested admissions, the defendants have stated their responses

and have, therefore, complied with those requests.  Based on the foregoing, Goode's motions to compel [Doc.#s 21, 29] and the motion for sanctions [Doc.# 22] are denied without prejudice.

## II.   Motion for Appointment of Counsel

On June 18, 2018, Goode filed a motion for appointment of counsel [Doc.# 30] for the limited purpose of conducting discovery.  He argues that counsel would assist him in obtaining necessary discovery from the defendants.  He also contends that the case is complex and will most likely involve disputed factual issues.

The court "may request an attorney to represent any person unable to afford counsel."  42 U.S.C. § 1915(e)(1).  "District courts exercise substantial discretion in deciding whether to appoint counsel . . . ."  Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003).  The second circuit has cautioned against the "routine appointment of counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 173-74 (2d Cir. 1989). Before appointment is even considered, the indigent movant must establish that he is unable to obtain counsel.  Id. at 173; Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  If the movant satisfies that threshold requirement, the court must then consider the merits of his claim and determine whether his

7

position "seems likely to be of substance." Hodge, 802 F.2d at 61. If so, the court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the movant's apparent ability to present the case, and the complexity of the legal issues involved. Id. at 61-62.

At this stage of the litigation, the court does not agree that the appointment of pro bono counsel is warranted. Goode has not indicated whether he has made any efforts to obtain counsel on his own. Therefore, his motion for appointment of counsel is denied without prejudice subject to refiling at a later stage of litigation.

**ORDERS**

(1) The motions to compel discovery [Doc.#s 21, 29] and motion for sanctions [Doc.# 22] are DENIED without prejudice. Within thirty (30) days of the date of this order, the defendants shall file a supplemental notice with the court indicating whether arrangements have been made for Goode to view the August 3, 2014 video.

(2) The motion for appointment of counsel [Doc.# 30] is

DENIED without prejudice subject to refiling at a later stage of litigation.

**SO ORDERED** this 13th day of July 2018 at Hartford, Connecticut.

>                         /s/
>            Alfred V. Covello
>            United States District Judge