```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

                                     :
JASON GOODE,                         :
    plaintiff,                       :      CASE NO. 3:17-cv-1188(AVC)
                                     :
    v.                               :
                                     :
ANGEL CHAMPION, ET AL.,              :
    defendants.                      :
                                     :      NOVEMBER 9, 2018
                                     :
```

### RULINGS ON DISCOVERY MOTIONS [Doc.#s 36, 39, 40, 44]

On July 17, 2017, the plaintiff, Jason Goode, an inmate currently confined at Northern Correctional Institution ("NCI") in Somers, Connecticut, filed a civil complaint under 42 U.S.C. § 1983, against several employees of the Connecticut Department of Correction ("DOC") for violating his constitutional rights by placing him in full restraints while he was confined at the Corrigan-Radgowski Correctional Institution ("CRCI") and failing to provide him medical treatment for the injuries he sustained from the restraints.  The defendants answered the complaint on May 29, 2018.

Around the time the defendants answered the complaint, Goode filed two motions to compel discovery and a motion for sanctions against the defendants, for their failure to respond to his discovery requests.  One of the discovery items Goode sought to compel was a video recording showing his removal from

in-cell restraints at CRCI, on August 3, 2014.  He stated that the recording had a unit tracking number of 2014-0830.  In their opposition to the motion, the defendants informed the court that DOC officials were in the process of copying the video which would then be sent to NCI, where Goode is currently confined, so that he could view the recording.  Therefore, the court denied Goode's motion to compel without prejudice and directed the defendants to file a status update within thirty (30) days, indicating whether arrangements were made for Goode to view the August 3, 2014 video.

    Since the court's previous discovery ruling, Goode has filed another motion for sanctions against the defendants and a motion for a contempt order against the defendants.  He contends that the defendants have produced multiple videos for his viewing at NCI, but none of them contained the correct tracking number (2014-0830) or the specific footage he requested: the removal of his in-cell restraints on August 3, 2014.  Goode claims that the defendants failure to provide the correct video is intentional.

    Goode has also filed two more motions to compel discovery In the new motions, he claims that the defendants have failed to honor his requests for:

1. Two additional videos with tracking numbers 2014-0827 and 2014-0828;

2. The "DA Class Specification" pertaining to defendant Brian Palmer's job description in 2014; and

3. His set of interrogatories and requests for admissions directed at defendants B. Simmons, Beth Shaw, and Richard Waldron.

Goode affirms that he attempted on two occasions to contact defense counsel via telephone about his discovery requests, but defense counsel demanded that Goode state his requests in writing.

In a written memorandum of opposition, defense counsel argues that he has made substantial efforts to locate and provide all requested discovery for Goode. He arranged for officials at CRCI to send to NCI a number of video recordings, all of which have been shown to Goode. As for the missing video (2014-0830), defense counsel has learned from CRCI staff that "the disk was improperly saved so there is no footage on it to view." As for the new discovery requests, defense counsel has submitted a copy of the package he sent to NCI containing multiple videos, including videos 0827 and 0828 and that all answers to Goode's interrogatories/requests for admissions have been mailed to Goode.

**I. Motions for Sanctions and Contempt Judgment**

"Federal Rule of Civil Procedure 37 'provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery.'" Tourmaline Partners, LLC v. Monaco, No. 3:13-CV-108 (WWE), 2014 WL 4810253, at *5 (D. Conn. Sept. 23, 2014) (quoting Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 80 (D. Conn. 1998)).  "The impositions of sanctions under Rule 37 is within the discretion of the district court and the decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion."  Id. (quoting John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)). Factors relevant to a district court's decision whether to impose sanctions under Rule 37 include:

> (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance.

Handwerker v. AT&T Corp., 211 F.R.D. 203, 208 (2d Cir. 2002) (citations omitted).

District courts also possess inherent power to punish for contempt for failure to comply with court orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." Billie v. Potter, No. 3:07-CV-1153 (SRU), 2012 WL 3730319, at *2 (D. Conn. Aug. 8, 2012) (quoting Latino Officers Ass'n City of New York, Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009)). The moving party must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id. (quoting Latino Officers, 558 F.3d at 164). Failure to comply with the court's order need not be willful. Donovan v. Sovereign Sex. Ltd., 726 F.2d 55, 59 (2d Cir. 1984).

Goode argues that the court should impose sanctions against the defendants and find them in contempt for their intentional failure to disclose the 0830 video recording showing his removal from in-cell restraints on August 3, 2014. The defendants have indicated that they have submitted all available videos from CRCI pertaining to Goode's claims and that the specific footage

5

Goode seeks does not exist. Goode, on the other hand, has not submitted any information indicating that the video recording in question exists and is available for viewing; nor is there any evidence that the defendants are intentionally withholding this video. Although they did not file a status update indicating their efforts to locate and provide the video, it is clear from both parties' correspondence with the court that the defendants have made all reasonable efforts to locate and provide the 0830 video for Goode's viewing. Therefore, Goode's motions for sanctions [Doc.#36] and for a contempt order [Doc.#39] are DENIED.

## II. Motions to Compel Discovery

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery and may request sanctions for the failure to produce the requested discovery. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Pursuant to Local Rule 37(a), the movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at

a "mutually satisfactory resolution."  In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issues with opposing counsel.  Id.

Local Rule 37(b) also requires that memoranda be filed by both sides before any discovery motion is heard by the court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  D. Conn. L. Civ. R. 37(b)(1).  The movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute.  Id.

Goode's first new discovery request is for two videos identified with tracking numbers 0827 and 0828.  The defendants have provided evidence that both of the videos were sent to NCI, for Goode's viewing, on September 28, 2018, after Goode filed his motion to compel.  Therefore, the motion to compel the videos is moot.

Goode next requests information regarding defendant Palmer's "job description."  He has not fully explained in his memorandum, however, why this information is relevant to his

7

Eighth Amendment claims or why he cannot obtain this information himself.  Thus, his motion to compel production of this information is denied.

As for the interrogatories and requests of admissions, both parties have indicated that responses to these requests have been provided to Goode.  Attached to Goode's second motion to compel are the responses to the interrogatories sent to defendants Simmons and Shaw.  The defendants have represented in their opposition that Waldron's Erfe's, and Palmer's answers to Goodes' interrogatories/requests for admissions were sent to Goode as of November 5, 2018.

In his second motion to compel, Goode appears to take issue with some of Shaw's and Simmons' responses to his interrogatories and seeks more specific responses.  Once again, Goode has failed to fully explain in a memorandum why the information sought (a) is relevant to his Eighth Amendment claims and (b) cannot be obtained through means other than defense counsel.  <u>See</u> Local Rule 37(b).  In light of the foregoing, Goode's motions to compel discovery are DENIED.

To date, Goode has filed four motions to compel discovery, three motions for discovery sanctions, and one motion for contempt.  Goode is reminded that he must make all reasonable

efforts to (1) conduct his own investigation to obtain the discovery sought, (2) give the defendants reasonable time to respond to any discovery requests, and (3) resolve any future discovery issues with defense counsel in person or via telephone before seeking court action.  Defense counsel must also make efforts to discuss the discovery issues with Goode in person or via telephone.

### ORDERS

The motion for sanctions [Doc.#36], motion for a contempt order [Doc.#39], and motions to compel discovery [Doc.#s 40, 44] are DENIED.

**SO ORDERED** this 19th day of November 2018 at Hartford, Connecticut.

```
                           _____/s/_____
                           Alfred V. Covello
                           United States District Judge
```